IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:19CR075 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | |
| JOHNNY G. MACK, III | ) | GOVERNMENT'S SENTENCING |
| | ) | MEMORANDUM |
| Defendant. | ) | |

Now comes the United States of America, by and through its attorneys, Justin E. Herdman, United States Attorney, and Scott Zarzycki and John Hanley, Assistant United States Attorneys, and hereby files this sentencing memorandum. The Government agrees with the calculations contained within the Presentence Investigation Report filed July 3, 2019. (R. 16: PSR, PageID 71). And recommends a sentence within the high end of the range specified in paragraph 76 of the report. (R. 16: PSR, PageID 86)

**I.  OFFENSE CONDUCT AND GUIDELINE CALCULATION**

    A.    Offense Conduct

On December 12, 2018, at approximately 11:15 p.m., the victim walked to her car in the Speedway gas station parking lot where she was approached by the defendant who asked her for directions. The victim sat down in the driver's seat in order to look up directions on her phone. She was suspicious of the defendant at the time so she reached for her pocket knife from the center console of her vehicle.

The defendant then shoved the victim in to the car and attempted to force his way inside. The defendant pulled out a knife, ordered the victim out of the car, and threatened to stab her. While struggling with the defendant the victim felt the knife stabbing her. Defendant admitted to

law enforcement that he attempted to take the victim's vehicle and demanded that she give him her car. She was finally able to open the passenger door and push on the car horn with her knee, drawing the attention of others in the parking lot. She was also able to fend off the attack by swinging her own knife at the defendant. The defendant then fled the area.

Responding officers noticed multiple stab wounds to both of her legs, stomach, and her hand and took photos of her injuries.[1] The victim initially refused medical treatment but went to see a doctor two days later.

B.      Guideline Calculation

The defendant was indicted on February 6, 2019, for one count of carjacking, in violation of 18 U.S.C. § 2119(1). (R. 1, Indictment: PageID 1). On April 9, 2019, defendant pled guilty to the indictment. (R. 13: Minutes of Crim. Proceedings, PageID 39). The following is the relevant guideline calculations as correctly stated in the presentence report (R. 16: PSR, PageID 71).

An enhancement under U.S.S.G. §2B3.1(b)(2)(D) should be added to the defendant's offense level because there is ample evidence that a dangerous weapon was used during the offense. First, the victim reported that the defendant stabbed her while trying to take her vehicle. (R. 16: PSR, PageID 69). Second, photos showing her injuries clearly support her statement that a knife was used during the attack. A dangerous weapon is defined in U.S.S.G. §1B1.1, Application Note 1(E), as "an instrument capable of inflicting death or serious bodily injury." Clearly a knife is capable of inflicting death or serious bodily injury, especially when used in a manner such as the defendant did in this case.

The enhancement for bodily injury under §2B3.1(b)(3) is also appropriate because the

---

[1] The government intends to introduce the photos of the victim's injuries at sentencing should the court permit.

victim suffered multiple knife wounds. U.S.S.G §1B1.1, Application Note 1(B) describes bodily injury as any "significant injury; e.g., an injury that is painful and obvious, or which is of a type for which medical attention ordinarily would be sought." The victim's injuries are not merely minor red marks but multiple and obvious wounds, including a defensive wound to her left hand, a puncture wound to her stomach, a puncture wound to her left front thigh, and two puncture wounds to her left rear thigh.

| **U.S.S.G. § 2B3.1: Carjacking** | | |
|---|---|---|
| Base offense level | 20 | §2B3.1(a) |
| Specific Offense Characteristics (dangerous weapon used) | +4 | §2B3.1(b)(2)(D) |
| Specific Offense Characteristics (bodily injury) | +2 | §2B3.1(b)(3) |
| Specific Offense Characteristics (carjacking) | +2 | §2B3.1(b)(5) |
| Acceptance of Responsibility | -3 | §3E1.1(a) and (b) |
| **Subtotal** | **25** | |

With an offense level 25 and a criminal history category of VI, his guideline imprisonment range is 110-137 months. (R. 16: PSR, PageID 86).

## II. SENTENCING FACTORS 18 U.S.C. § 3553(A)

Upon properly calculating the advisory guideline range, this Court is required to follow 18 U.S.C. § 3553(a), which states:

> This Court is required to consider the following factors in determining the sentence.
>
> (a) Factors to be considered in imposing a sentence.--The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed--
>
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

      (B) to afford adequate deterrence to criminal conduct;

      (C) to protect the public from further crimes of the defendant; and

      (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

      (3) the kinds of sentences available;

      (4) the kinds of sentence and the sentencing range established for--

      (5) any pertinent policy statement--

      (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

      (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

    The nature and circumstances of the defendant's criminal history indicate that this Court has much to consider. The defendant is thirty-nine years old and has countless criminal convictions spanning over more than two decades.

    Prior to becoming and adult, the defendant had numerous delinquency adjudications for theft of motor vehicles, failure to comply with order or signal of a police officer, felonious assault, and driving while intoxicated between 1994 and 1996. Some adjudications resulted in commitments to the Department of Youth Services. (R. 16: PSR, PageID 72-74).

    The defendant clearly did not benefit from services offered by the Juvenile Court system. As an adult, the he continued committing criminal acts. Beginning in June 1996 and ending with the current case, the defendant has been convicted in numerous felony cases, including multiple convictions for burglary, escape, aggravated menacing, receiving stolen property, DUI, failure to sop after an accident, theft of motor vehicle, aggravated burglary with firearm specifications, and drug possession. (R. 16: PSR, PageID 74-82).

    For the last twenty years the defendant has been under court supervision and repeatedly

sent to prison, at times for periods between 2 to 4 years. His commission of the instant offense indicates he has not benefitted from any previous criminal sanction imposed.

Additionally, a lengthy sentence is necessary reflect the seriousness of this violent offense and to protect the public from future crimes by the defendant. While the victim was merely trying to assist the defendant with directions, he took advantage of her good nature and violently and brazenly, in a public parking lot, attempted to forcibly take her vehicle at knife point.

As a result of the Defendant's consistent and unabated criminal activity over the twenty years, absolute failure to benefit from previously imposed sanctions, and in order to protect the public from future violent crimes committed by the defendant, the Government's position is that sentence within the higher end of the guideline range is appropriate in that it reflects the seriousness of his offense, promotes respect for the law and provides just punishment for his criminal conduct.

### III. CONCLUSION

Based on the above, the Government respectfully requests this Court sentence Johnny G. Mack, III, within the high end of the advisory guideline range.

    Respectfully submitted,

    JUSTIN E. HERDMAN
    United States Attorney

By:   /s/ Scott Zarzycki
    Scott Zarzycki (OH: 0072609)
    John Hanley (OH: 0079910)
    Assistant United States Attorneys
    United States Court House
    801 West Superior Avenue, Suite 400
    Cleveland, OH 44113
    (216) 622-3971/3709
    (216) 522-8355 (facsimile)
    Scott.Zarzycki@usdoj.gov
    John.Hanley@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 16th day of July 2019, a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's system.

/s/ Scott Zarzycki
Scott Zarzycki
Assistant U.S. Attorney

6